Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000285
15-MAY-2019
07:45 AM

NO. CAAP-18-0000285

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL J. BOTELHO, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-14-04680)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Michael J. Botelho (**Botelho**) appeals from the Amended Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered by the District Court of the First Circuit, Wai'anae Division (**District Court**)[1] on March 2, 2018. Botelho contends that the District Court erred when it denied his motion for a judgment of acquittal. For the reasons explained below, we affirm the Judgment.

**I.**

Botelho was arrested on October 19, 2014, based on his performance on a field sobriety test. On October 20, 2014, Botelho was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and/or (a)(3)

_____

[1] The Honorable Philip M. Doi presided.

(Supp. 2014). OVUII is a petty misdemeanor.[2] After a number of continuances, his trial began on October 27, 2017. On March 2, 2018, after the State rested, Botelho moved for judgment of acquittal based upon HRS §§ 701-108 (2014) and 701-114 (2014).

HRS § 701-108 provides, in relevant part:

> (2) Except as otherwise provided in this section, prosecutions for [offenses other than murder and sexual assault] are subject to the following periods of limitation:
>
> . . . .
>
> (f) A prosecution for a petty misdemeanor . . . must be commenced within one year after it is committed.
>
> . . . .
>
> (5) A prosecution is commenced . . . when . . . a complaint [is] filed[.]

HRS § 701-114 provides, in relevant part:

> (1) Except as otherwise provided in section 701-115 [pertaining to defenses], no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:
>
> . . . .
>
> (e) Facts establishing that the offense was committed within the time period specified in section 701-108.

Botelho argued, and the State conceded, that no evidence of the filing date of the complaint had been presented. The State then requested that the District Court take judicial notice of its own records and files. Botelho objected, arguing that the State had rested and could not reopen its case. The District Court took judicial notice that the complaint was filed one day after Botelho was arrested, and denied Botelho's motion. The District Court found Botelho guilty as charged. This appeal followed.

---

[2] See HRS § 701-107(4) (2014) (crime is petty misdemeanor if statute defining crime provides for punishment of up to thirty days in prison) and 291E-61(b) (Supp. 2018) (OVUII punishable by up to thirty days of imprisonment).

## II.

Botelho's sole argument on appeal is that the District Court erred by allowing the State to reopen its case and introduce evidence of the filing date of the complaint.

The District Court did not allow the State to reopen its case; the District Court took judicial notice of its own records to determine that the complaint was filed within the time period specified in HRS § 701-108(2)(f). "Under [Hawaii Rules of Evidence] HRE Rule 201(d), a court shall take judicial notice when a party requests that the court take judicial notice of a fact and supplies the court with the necessary information." State v. Abdon, 137 Hawai'i 19, 27, 364 P.3d 917, 925 (2016). "The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." Id. at 26, 364 P.3d at 924 (citation omitted). A court may take judicial notice "at any stage of the proceeding," including on appeal. Id. at 27, 364 P.3d at 925. In this case the District Court was required to take judicial notice of the filing date of the complaint after the State's HRE Rule 201 request. The District Court then properly denied Botelho's motion for judgment of acquittal.

## III.

The Amended Notice of Entry of Judgment and/or Order and Plea/Judgment entered by the District Court of the First Circuit, Wai'anae Division on March 2, 2018, is affirmed.

DATED: Honolulu, Hawai'i, May 15, 2019.

On the briefs:

Earle A. Partington,
for Defendant-Appellant.

R. Patrick McPherson,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge